(65 App. Div. 162.)

### FISCHER-HANSEN v. STIERNGRANAT.

(Supreme Court, Appellate Division, First Department.    November 8, 1901.)

PLEADING—BILL OF PARTICULARS—FAILURE TO DELIVER—EFFECT.

Under Code, § 531, providing that it is not necessary for a party to set forth in a pleading the items of an account therein alleged, but in that case he must deliver to the adverse party a copy of the account within 10 days after a written demand, and that the court may in any case direct a bill of particulars to be delivered, where no account is alleged in an action for personal services, failure of plaintiff to deliver a bill of particulars within 10 days after demand, and not until ordered to do so by the court, will not preclude plaintiff from giving evidence to support his complaint.

Appeal from special term, New York county.

Action by Charles Fischer-Hansen against Malte Liewen Stierngranat. From an order precluding plaintiff from giving certain evidence, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, LAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Edmund F. Harding, for appellant.

Charles P. Rogers, for respondent.

INGRAHAM, J. The action was to recover for legal services rendered by the plaintiff, an attorney and counselor at law. The complaint was served on December 21, 1899. Two days thereafter the defendant's attorney served a demand for a bill of the particulars of the plaintiff's claim within 10 days after service of the notice. Upon this demand, the complaint, and an affidavit of the plaintiff's attorney that more than 10 days had elapsed since the service of the demand, and that no bill of particulars had been served, the defendant moved that the plaintiff be precluded from giving evidence of his account and cause of action upon the trial. This motion was made under section 531 of the Code, as though the action was upon an account; but an examination of the complaint shows that no account was alleged, and while it was a proper case for an application to the court for an order requiring a bill of particulars under the last clause of the section of the Code of Civil Procedure referred to, it was not a case in which the plaintiff was bound to deliver within 10 days a copy of an account set forth in the complaint, as no account was therein set forth. In answer to this application an affidavit of the plaintiff was presented, in which he admitted the receipt of the notice; that he unintentionally overlooked the matter; that when the papers were served he at once prepared a bill of particulars, and served the same on the 9th of August, 1901, before the hearing of the motion. Notwithstanding, the court granted the motion, and an order was entered that the plaintiff, having failed to serve a bill of particulars within 10 days after demand, as required by section 531 of the Code, was precluded from giving any evidence of the account and cause of action set forth in the complaint in this action.

72 N.Y.S.—38

We think this order was entirely unauthorized. The section of the Code referred to does not authorize the court to grant an order precluding the plaintiff from giving evidence as to his cause of action. Where an account is pleaded, and the plaintiff fails to furnish a copy of such account within 10 days after a notice, the court may preclude the defendant from giving evidence of the account; but it had no power to preclude him from giving evidence of his cause of action because he had failed to serve a bill of particulars until required so to do by the court.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur; VAN BRUNT, P. J., in result.